# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DWIGHT CAMPBELL,  )
)
Petitioner,  )
)
vs.  )  Civil Action No. 3:25-cv-587
)  Judge Stephanie L. Haines
SUPERINTENDENT S.C.I. DALLAS, *et. al.*  )  Magistrate Judge Keith A. Pesto
)
Respondents.  )

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2254 by *pro se* Petitioner Dwight Andre Campbell ("Petitioner") (ECF No. 1). Petitioner is incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"). Petitioner brings his Petition against the Superintendent of S.C.I. Dallas, the District Attorney of Blair County, and the Pennsylvania Attorney General's Office (collectively "Respondents"). Since filing the Petition, Petitioner has also filed a number of motions. (ECF Nos. 15, 20, 22, 23, 24, 25, 27, 28, 29, 32, and 34)

This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D. Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 19) recommending that the Petition be denied for abuse of the writ with one exception related to Petitioner's claim that as of October 2025 he had reached parole eligibility on the sentence imposed in January 2023, but has not had a parole hearing because of the remaining pending charge. (ECF No. 19 at 3). As to that claim, Judge Pesto recommends that this claim be dismissed as unexhausted. (*Id.*).

Petitioner then filed Objections (ECF No. 21) stating that his Petition should not be dismissed for abuse of the writ because his other cases were transferred to this Court in error, this

1

Court lacked jurisdiction and/or consent to adjudicate them, and Judge Pesto did not have his consent to adjudicate his other Section 2241 cases. (*Id.* at 1-3*)*. Further, Petitioner contends that Judge Pesto ignores that his other cases have not gone to trial or had any trial date set. (*Id.* at 2). Petitioner also argues that his claims are exhausted because he has over 13 appeals docketed in different courts of appeals. (*Id.* at 2). Lastly, Petitioner makes a series of non-sensical objections contesting that there is "false information" obtained from the "hate group operation our town organization, Blair County Justice without allowing Petitioner to obtain a copy of that information, nor respond to such false information" and that the Court's actions in his related matters are "aiding, conspiring with criminals, members of the racial hate group operation our town organization, Blair County Pennsylvania Justice System subject to penalties set forth under 18 U.S.C. 241, 242, 245, 249 and many others[.]"

### A.    Standard of Review

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1– 2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom. Rosario v. Philadelphia Cnty.,* No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel,* No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel,* No. 13-3989,

2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario*, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza*, No. 4:22-CV-01854, 2022 WL 17814213, at *1 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions"); *id.* ("§ 2254 Rule 4 (requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder,* No. Civ.A. 08–1863, 2008 WL 3887642 (E.D. Pa. Aug. 21, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum,* No. Civ.A. 07–5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008) (same); *Watson v. Wynder,* No. 2:07-cv-4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v. Lore,* No. CIV 4:CV–07–1525, 2007 WL 2852385 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir.1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v. Corbin,* No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and*

3

*recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also Tice v. Wilson*, No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds,* No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

**B.    Discussion**

Upon review of the record, the Report and Recommendation (ECF No. 19), and Petitioner's Objections (ECF No. 21), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter and overrule Petitioner's Objections.

In his Objections, Petitioner first contends that his Petition should not be dismissed for abuse of the writ because his other cases containing the same claims, as Judge Pesto explains, were transferred to this Court in error and this Court lacked jurisdiction and/or consent to adjudicate them. (*Id.* at 1-3*)*. Petitioner references his cases at Docket Numbers 3:25-cv-7, 3:25-cv-101, and this action. (*Id.*). All of these cases involve habeas petitions filed under Sections 2241 or 2254. Petitioner overlooks that this Court has jurisdiction to entertain applications for state habeas relief pursuant to 28 U.S.C. §§ 2241 and 2254. Moreover, 28 U.S.C. § 636(b)(1)(B) empowers the Court to "designate a matter to a magistrate judge . . . [to] make . . . recommendations on the disposition of applications for post-trial relief made by individuals convicted of criminal offenses." *Henry v. Smith*, No. 16-5010, 2017 WL 2957819, at *3 (E.D. Pa. July 10, 2017) (citation omitted). There is no requirement that the Court obtain a petitioner's consent before making such a referral. *Id.* (rejecting the argument that the district court should have obtained petitioner's consent before referring a Section 2254 petition to a magistrate judge for review). Accordingly, Petitioner's challenge on this point is without merit.

The Court also rejects Petitioner's objection that Judge Pesto overlooked that his other cases at docket numbers 3:25-cv-7 and 3:25-cv-101 have not gone to trial or had a trial date set and that Petitioner requested to have some of his other petitions terminated. (ECF No. 21 at 2-3). The abuse of the writ doctrine generally prohibits claims that were previously litigated and decided on the merits, which does not necessarily mean at a trial. *See Boardley v. Grondolsky*, 343 Fed. Appx. 837, 839-40 (3d Cir. 2009) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). Here, Petitioners Petitions at Docket Nos. 3:25-cv-101 and 3:25-cv-7 were denied without a certificate of appealability. Further, Petitioner did file a motion to terminate the proceedings in Docket Number 3:25-cv-7 (ECF No. 15), but this was filed after the Court had already adjudicated his petition.

Additionally, the Court rejects Petitioner's objection that his claims are exhausted because he has over 13 appeals docketed in different courts of appeals. (ECF No. 21 at 2). However, in Plaintiff's filings at Docket Number 3:25-cv-7, raising similar habeas claims, Petitioner acknowledges that the appeal of his claims to the Pennsylvania Superior Court was quashed. (ECF No. 13). As Judge Pesto explains, the status of Petitioner's appeal in state court makes certain that he has not exhausted any claims with respect to the three matters for which he was sentenced. Thus, Petitioner's contention that he has exhausted his claims based on his number of appeals is without merit.

Lastly, Petitioner contends that there was "false information" obtained from the "hate group operation our town organization, Blair County Justice without allowing Petitioner to obtain a copy of that information, nor respond to such false information" and that the Court's actions in his related matters are "aiding, conspiring with criminals, members of the racial hate group operation our town organization, Blair County Pennsylvania Justice System subject to penalties

set forth under 18 U.S.C. 241, 242, 245, 249 and many others[.]" The Court sees this stream-of-consciousness writing as off-topic and inconsequential to the Court's analysis of the habeas petition. Further, to the extent Petitioner is attempting to make new allegations, any new allegations raised in Objections are disallowed. *See Kirk v. Meyer*, 279 F. Supp. 2d 617, 619 (E.D. Pa. 2003).

Upon review of the record, the Report and Recommendation (ECF No. 19), and Petitioner's Objections (ECF No. 21), and pursuant to Local Civil Rule 72D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto.

For the reasons set forth above, the petition for writ of habeas corpus will be denied and all pending motions will be denied as moot.

An appropriate Order follows.

## **ORDER**

AND NOW, this __1st__ day of June, 2026, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 19) is adopted as the Court's Opinion and;

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 21) are hereby OVERRULED;

IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is hereby DENIED;

IT IS FURTHER ORDERED that all of Petitioner's pending Motions (ECF Nos. 15, 20, 22, 23, 24, 25, 27, 28, 29, 32, and 34) are hereby DISMISSED AS MOOT;

IT IS FURTHER ORDERED that a certificate of appealability likewise is DENIED as Petitioner failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find the Court's assessment of his constitutional claim debatable or

wrong.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

_____
Stephanie L. Haines
United States District Judge

**Notice by US Mail to:**

Dwight Andre Campbell
QP4379
SCI Dallas
1000 Follies Road
Dallas, PA 18612
Pro Se

7